UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE ANTONIO AGUILAR JARAMILLO,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF SAN MATEO, and others,<br><br>  Defendants. | Case No. 13-cv-00441 NC<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS<br><br>Re: Dkt. No. 34 |

In this civil rights case alleging excessive force and retaliation by City of San Mateo police officers, plaintiff Jaramillo seeks to discover documents relating to his arrest, including San Mateo's "Internal Affairs" documents. The primary dispute is whether the "official information" privilege shields the discovery. San Mateo asserts that Jaramillo should instead depose witnesses to discover the relevant information. As explained below, the court finds that Jaramillo's need to discover relevant information outweighs the qualified "official information" privilege. The court therefore grants Jaramillo's discovery requests, with some modifications to focus the discovery.

## DISCOVERY REQUESTS

This lawsuit arises from a March 13, 2012, incident during which Jaramillo was arrested by San Mateo Police Officers. The disputed document requests are set forth in full in the joint discovery statement, docket entry 34. In sum:

Case No. 13-cv-00441 NC
ORDER GRANTING DOCUMENT REQUESTS

- Requests 2-5: Investigative records, reports, and recordings concerning the incident, including investigations conducted by San Mateo Internal Affairs Division.
- Requests 11-12: All documents "relating to training materials" on the use of force and "relating to policies" on the use of force for the San Mateo Police Department.
- Request 13: All documents relating to complaints received alleging police misconduct in the last five years.
- Request 14: All documents relating to discipline of police officers for police misconduct in the last five years. And,
- Request 15: documents supporting San Mateo's contention that police had probable cause to arrest Jaramillo.[1]

The court held a hearing on this discovery dispute on October 9, 2013. Counsel for San Mateo did not appear at the hearing and has not offered any explanation for this failure to appear.

## ANALYSIS

1.  Relevance

The general scope of civil discovery includes any nonprivileged matter that is relevant to any party's claim or defense. Relevant information need not be admissible if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

Here, the requested information is probative of what happened the day of Jaramillo's arrest, what statements witnesses made, what investigation took place, whether San Mateo ratified the officers' conduct, whether San Mateo retaliated against Jaramillo, and whether officers complied with the applicable training and policies. The requested information is therefore relevant.

---

[1] Request 16 is also identified in the letter brief, but the parties did not explain what the dispute is. Request 16 is therefore denied without prejudice.

Case No. 13-cv-00441 NC
ORDER GRANTING DOCUMENT REQUESTS
2

2.      "Official Information" Privilege

A finding of relevance does not end the court's inquiry.  Federal Rule of Civil Procedure 26(c) provides that a court may limit discovery to protect from annoyance, embarrassment, oppression, or undue burden or expense.  Furthermore, the federal common law recognizes a qualified privilege for "official information."  *Sanche v. Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990).  To determine whether the official information sought is privileged, courts must do a case-by-case analysis that weighs the potential benefits of disclosure against the potential disadvantages.  If the latter is greater, the privilege bars discovery.  *Id.*

In *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987), magistrate judge Wayne Brazil articulated a test for the qualified "official information" privilege that balances competing societal interests: interests of law enforcement, privacy interests of police officers or citizens who provide information to or file complaints against police officers, interests of civil rights plaintiffs, the policies that inform the national civil rights laws, and the needs of the judicial process. 114 F.R.D. at 660.  In civil rights cases, this balancing test is moderately pre-weighted in favor of disclosure.  *Id.* at 662; *Williams v. Cnty. of Alameda*, No. 12-cv-2511 SBA (MEJ), 2013 WL 4608473, at *2 (N.D. Cal. Aug. 28, 2013).

Many other judges in the Northern District of California have applied the *Kelly* test to police departments' "internal affairs" documents in cases alleging police misconduct. For example, in *Williams*, magistrate judge Maria-Elena James ordered the Alameda County Sheriff's Office to produce internal affairs documents of the named defendant officers, subject to a protective order.  2013 WL 4608473, at *2-3.  Similarly, magistrate judge Laurel Beeler ordered San Leandro to produce internal affairs documents of the named defendant officers, subject to a protective order.  *Doe v. Gill*, No. 11-cv-04759 CW (LB), 2012 WL 1038655, at *4.  Finally, in *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995), magistrate judge James found that Concord did not meet its "substantial threshold burden" in support of the privilege.  She ordered production of

1 | internal affairs files, subject to a protective order.

2 | Applying the balancing test of *Kelly*, this court reaches the same conclusion here as the judges in *Williams*, *Gill*, and *Soto*. In sum, San Mateo's qualified privilege is outweighed by the interests of civil rights plaintiffs, the policies that inform the national civil rights laws, and the societal need for transparency of the judicial process. As a consequence, the court overrules the "official information" objection to requests 2-5 and 11-15 and orders San Mateo to produce responsive documents, subject to the protective order previously issued in this case, docket entry 19.

3. Scope

Finally, San Mateo objects that requests 11 and 12, asking for "documents relating to" training materials and policies on the use of force, are vague and overly broad. The court finds that these requests ask for relevant information, but could be narrowed to the specific type of force alleged in this case. Had San Mateo appeared at the discovery hearing, the parties likely could have worked out a fair compromise. San Mateo is therefore ordered to produce all training materials and policies on the use of force that it contends were applicable to the plaintiff's March 13, 2012 arrest.

CONCLUSION

Plaintiff's discovery requests are GRANTED. Within 21 days of this order, San Mateo must supplement its production with documents responsive to plaintiff's document requests 2-5 and 11-15. This supplemental production is subject to the protective order.

IT IS SO ORDERED.

Date: October 16, 2013

_____
NATHANAEL M. COUSINS
United States Magistrate Judge