UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO AGUILAR JARAMILLO,<br><br>Plaintiff<br><br>v.<br><br>CITY OF SAN MATEO, et al.,<br><br>Defendants | Case No.:13-cv-00441-NC<br><br>**ORDER RE: TRIAL PREPARATION** |

A jury trial is scheduled in this case on February 3, 2015, in Courtroom A. This order prepares for the trial.

I. **TRIAL PREPARATION STANDING ORDER.**

This order is attached and applies to this case.

II. **MOTIONS IN LIMINE**

The parties must file their motions in limine by January 14, with responses due by January 19. No party may file a reply without leave of Court. The total number of pages each party submits for all motions and all responses must not exceed 15 pages. While it is up to each party to decide how much space to allocate for their motions and how much for their responses, the parties must each stay within the 15-page limit (e.g., a party can allocate 9 pages for their motions, and 6 pages for their responses). The Court will hold a hearing on the motions in limine at the pretrial conference.

III. **JOINT TRIAL READINESS BINDER**

The parties are ordered to provide the Court with two copies of a Joint Trial Readiness Binder. The documents and binder are due January 19 at 12 p.m. at the **San**

**Jose Courthouse**.  The Joint Trial Readiness Binders must contain an index and copies of filed documents with the ECF header reflecting the item's docket number and filing date, including:

### A.     Proposed Order Re Trial Stipulations

The Court expects that the parties will agree to a variety of stipulations regarding the conduct of the trial.  A proposed order outlining all such stipulations must be presented to the Court.

### B.     Witness Lists

The parties must submit an updated list of all witnesses likely to be called at trial (other than solely for impeachment or rebuttal), with a brief statement following each name describing the substance of the testimony to be given and a time estimate of the direct and cross examinations.  This information must be presented in chart format and organized by party.  Witnesses who will be testifying as experts should be identified as such and included in a separate expert witness list (see below).

### C.     Expert Witness Lists

The parties must submit an updated list of all expert witnesses with a summary which must clearly describe the expert's theories and conclusions; a curriculum vitae; and expert reports.  Witnesses not included on the list may be excluded from testifying.

### D.     Updated Exhibit Lists Annotated with Stipulations/Objections

The parties must submit an updated list of all documents and other items to be offered as exhibits at the trial (other than solely for impeachment or rebuttal), with a brief description of each exhibit's contents, and the identity of each sponsoring witness.  As applicable, the exhibit list must specify whether the parties stipulate to admit the exhibit or the grounds for any objections to the exhibit.  The exhibit list must also include an additional column so that the Court can track the date on which each exhibit is admitted.  Prior to submitting the list, the parties must meet and confer and attempt to stipulate as to the admissibility of each exhibit.  This information must be presented in chart format and organized numerically.

### E. Updated List of Discovery Excerpts

The parties must list those excerpts from depositions, from interrogatory answers, or from responses to requests for admission (other than those solely for impeachment or rebuttal) likely to be used at trial. Prior to submitting the list, the parties must meet and confer and attempt to resolve any disagreements regarding designations or counter-designations. The parties must (i) identify any remaining legal objections to the excerpts on the list itself, and (ii) attach in a separate appendix copies of the disputed excerpts so that the Court can review the disputed materials. The parties must provide a single proposed order with each disputed designation which will allow the Court to rule whether permission to use each is granted, granted with modification, or denied.

## IV. ELECTRONIC COPIES OF TRIAL DOCUMENTS

The parties must send an electronic copy in Word format to ncpo@cand.uscourts.gov of the following documents listed above: (i) Proposed Order Re Trial Stipulations; and (ii) Proposed Order Re Discovery Excerpts.

## V. STIPULATIONS RE ADMISSIBILITY

The parties must make a good faith effort to stipulate to exhibits' admissibility. If stipulation is not possible, the parties must make every effort to stipulate to authenticity and foundation absent a legitimate objection.

## VI. EXHIBITS

### A. Copies of Exhibits to Court

Exhibits must be provided to the Court by January 19 at 12 p.m. at the **San Jose Courthouse** as follows: two sets of exhibits marked, tabbed, indexed, and to be provided in binders. Exhibit sets may be delivered/mailed directly to Chambers in San Jose. The parties must otherwise coordinate with the Courtroom Deputy for other delivery.

Each exhibit must be pre-marked with an exhibit tag placed in the top right corner of the first page of a document. Parties are to use a color other than white for the exhibit tags. A page of blank trial exhibit tags can be found on the Court's website. If an exhibit is a physical object (rather than a document), a picture should be taken and placed in the

3

binder.

### B. Disposition of Exhibits after Trial

Upon the conclusion of the trial, each party must retain its exhibits through the appellate process. It is each party's responsibility to make arrangements with the Clerk of Court to file the record on appeal.

### VII. SCHEDULING OF JURY SELECTION

The parties must notify the Court whether they wish to proceed with a jury or bench trial by January 14. If the parties decide to proceed with a jury trial, the jury will be selected February 3. Opening statements and the first witness will be called February 4.

### VIII. BIFURCATION

Defendants intend to seek bifurcation of the punitive damages issue. While the Court's tentative view is to deny such a motion, the parties should be prepared to discuss this issue at the pretrial conference.

### IX. DISPUTED POINTS OF LAW

The parties identify two disputed issues in their Joint Pretrial Statement. Dkt. No. 84 at 5. The parties must submit briefs (not to exceed five pages for each issue) addressing each of these disputed points of law by January 14. Responses are due January 19.

### X. SUMMARY OF CASE STATEMENT

By January 14, the parties must jointly submit an agreed-upon summary of the case, not to exceed one page. This statement of the case will be read to the jury at jury selection. If the parties cannot agree on such a statement, each party must submit their own summary, not to exceed one page.

### XI. SETTLEMENT CONFERENCE

This case is referred to Magistrate Judge Howard R. Lloyd for a mandatory settlement conference. The parties must contact Patty Cromwell at 408-535-5365, by January 12, to schedule the conference.

### XII. TRIAL LIMITS

The Court anticipates giving each side a total of 10 hours to present their case. This

includes all aspects of trial (e.g., objections, examinations) except jury selection.

## XIII. MISCELLANEOUS

### A. Witness Photographs

The Court may take a photograph of each witness prior to the witness' testimony to assist the trier of fact with recalling the testimony.  Please advise your witnesses.

### B. Electronic Equipment

If a party wishes to use electronic equipment or other large items (such as bookshelves), the party must file a request and proposed order with the Court by October 10.

Equipment not provided by the Court must be tested in the courtroom prior to the day when it will be used.  Arrangements may be made with the Courtroom Deputy, Lili Harrell at (415) 522-2039 or (408) 535-5343, as to an appropriate time for doing so.

### C. Questions from Jury

If the parties choose a jury trial, the Court will give an instruction to allow questions from the jury in accordance with Ninth Circuit Model Instruction 1.15 ("Questions to Witnesses by Jurors").

IT IS SO ORDERED.

Dated:  January 9, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge