UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO AGUILAR JARAMILLO,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>CITY OF SAN MATEO, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-00441-NC<br><br>**ORDER ON MOTIONS IN LIMINE** |

The Court recently ruled on Jaramillo's and defendants' in limine motions. Dkt. No. 107. In that order, the Court stated it would provide further explanation as to (1) Jaramillo's in limine motion concerning defense expert's testimony, and (2) defendant's in limine motion concerning issues decided at summary judgment.

**I.   JARAMILLO'S IN LIMINE MOTION**

**A.   Motion in limine No. 1:  To exclude defense expert's testimony and report**

**GRANTED IN PART**.  While a police practices expert may testify as to standard police procedures and training, the expert may not offer an opinion as to what conclusions the jury should reach.  *See Jones v. Devaney*, 107 Fed. Appx. 709, 711 (9th Cir. 2004) (finding that the "district court properly confined the testimony of plaintiffs' police practices expert to admissible evidence and to issues of fact") (citing *Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002) ("expert testimony concerning an ultimate

1 issue is not per se improper," but "an expert witness cannot give an opinion as to her legal
2 conclusion, i.e., an opinion on an ultimate issue of law")); *see also Hangarter v. Provident*
3 *Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("[I]nstructing the jury as to
4 the applicable law is the distinct and exclusive province of the court.") (citations and
5 quotation marks omitted).

6 In particular, "[i]n excessive force cases, an expert may not opine on whether the
7 'Defendants' use of force was reasonable under the circumstances' as this 'is just such an
8 opinion on an ultimate issue of law that risks usurping the jury's province.'" *Minter v.*
9 *Galios*, No. 12-cv-02905 JSC, 2014 U.S. Dist. LEXIS 36954, at *13-14 (N.D. Cal. Mar.
10 17, 2014) (quoting *Martinez v. Davis*, 2011 U.S. Dist. LEXIS 15406, at *8 (C.D. Cal. Feb.
11 4, 2011)).

12 Here, defendants wish to have expert Jeffrey Martin testify, in part, that "the
13 Officers acted reasonably and pursuant to training in the use of force to control and
14 apprehend Plaintiff," and that "the knee strike [to Jaramillo] was a reasonable application
15 of force in this case." Dkt. No. 104 at 2 (Joint Expert Witness List). As an expert on
16 police practices, Martin can testify as to the standard police practices and training that
17 govern City of San Mateo officers. But Martin cannot testify whether Officers Von Glahn,
18 Leishman, and Montojo used reasonable force against Jaramillo. *See Jimenez v.*
19 *Sambrano*, 2009 U.S. Dist. LEXIS 67060, at *8-9 (S.D. Cal. July 31, 2009) (stating that
20 "[w]hether Defendants' use of force was unreasonable or excessive is an ultimate issue of
21 law in this case" and therefore the expert's "opinions in this regard are inadmissible").

22 Below are examples from Martin's expert report of proper and improper expert
23 testimony:

| Section | Section or Excerpt | Proper/Improper |
|---|---|---|
| 3.A | "[Officers Von Glahn, Leishman, and Montojo] acted upon the totality of the facts known to them at the time, and acted reasonably in responding with force to overcome Mr. Jaramillo's attempted flight and physically active resistance to their lawful detention." | Improper |

| | | |
|---|---|---|
| 3.C | "Officer Von Glahn's, Leishman's and Montojo's detention of Mr. Jaramillo was consistent with their training as California peace officers . . ." | Proper |
| 3.C | ". . . and [the officers] reasonably believed Mr. Jaramillo had committed a violation of the California Vehicle Code." | Improper |
| 3.D | "Officer Von Glahn's, Leishman's and Montojo's attempts to detain Mr. Jaramillo were consistent with their training as California peace officers . . ." | Proper |
| 3.D | " . . . and [the officers] reasonably believed they had reasonable suspicion to [detain Mr. Jaramillo]." | Improper |
| 3.E | "Officer Von Glahn's, Montojo's and Leishman's attempts to place Mr. Jaramillo under arrest were consistent with their training as California peace officers. | Proper |
| 3.F | "The officers were legally authorized to respond with force against Mr. Jaramillo in order to overcome his resistance to their lawful detention and to control Mr. Jaramillo's concealed left hand as it posed a serious threat to the officers' safety." | Improper |
| 3.F | "California peace officers are trained to watch the hands of subjects with whom they are interacting, as it is the hands that can hold weapons with which officers may be assaulted." | Proper |
| 3.F | "Officer Von Glahn, Leishman and Montojo certainly could not take the gamble that Mr. Jaramillo was not bringing a gun or edged weapon out of the pocket with his left hand, because if Mr. Jaramillo were doing so, Officer Von Glahn, Leishman, and Montojo would have probably been attacked before Officers Von Glahn, Leishman, and Montojo could have taken action to successfully defend themselves or each other." | Improper |
| 3.G | "The officers provided proper care for Mr. Jaramillo after the arrest by asking if he was injured and offering medical attention." | Improper – irrelevant, not an issue at trial |
| 3.H | "The officers' actions were in full conformance with the polices of the San Mateo Police Department." | Improper as irrelevant to the extent opinion is presented to defeat Jaramillo's *Monell* claim. |
| 3.I | "Peace officers may also use personal weapons to strike available targets during an arrest/detention to control a combative and/or resistive subject, especially during **ground control** encounters." | Proper |

13-cv-00441-NC         3
MOTIONS IN LIMINE

| | | |
|---|---|---|
| 3.I | "In the circumstances facing the officers and the difficulty both Officers Leishman and Montojo were having in removing Mr. Jaramillo's left hand from the jacket pocket, the use of the single knee strike to the left side of Mr. Jaramillo's torso was a reasonable application of force." | Improper |

## II. DEFENDANTS' IN LIMINE MOTION

### A. Motion in limine No. 1: To preclude Jaramillo from presenting on issues decided at summary judgment

**GRANTED IN PART**. The following chart identifies whether Jaramillo's causes of actions were decided at summary judgment.

| Jaramillo's Claim | Resolved/Not Resolved at Summary Judgment |
|---|---|
| § 1983 excessive force | Not resolved |
| § 1983 false imprisonment and false arrest | Resolved in favor of defendants |
| § 1983 claims based on other constitutional violations (e.g., Fourteenth Amendment) | Not resolved |
| § 1983 claim against San Mateo (*Monell*) | Resolved in favor of defendants |
| Assault and battery | Not resolved |
| Intentional infliction of emotional distress | Not resolved |
| Negligence | Not resolved |
| Breach of Duty | Resolved in favor of defendants |
| False arrest and imprisonment | Resolved in favor of defendants |
| California Civil Code § 52.1 | Not resolved |
| California Civil Code § 51.7 | Resolved in favor of defendants |

Here, defendants seek to exclude evidence or argument concerning issues that were resolved at summary judgment, as well as evidence or argument concerning issues that were not. The Court rules as follows:

| Defendants Seek To: | Ruling |
|---|---|
| (1) Exclude evidence that the officers lacked probable cause to make contact with Jaramillo | **GRANTED with reservation**. Jaramillo is not precluded from presenting evidence describing the circumstances that led up to the officers' contact with Jaramillo. *See Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (considering the "totality of the circumstances" in determining whether officer used reasonable force) |

13-cv-00441-NC
MOTIONS IN LIMINE

4

United States District Court
Northern District of California

| | | |
|---|---|---|
| | (2) Exclude evidence that the officers lacked probable cause to arrest Jaramillo | **GRANTED.**  *See* Dkt. No. 80 at 17-18 ("[B]ecause the Court concludes that there is no triable issue of fact over whether probable cause existed to arrest Jaramillo under § 148, summary judgment on the officers false arrest claim is GRANTED."). |
| | (3) Preclude plaintiff from presenting evidence over whether Jaramillo resisted arrest. | **DENIED.**  The Court did not find that Jaramillo did in fact resist arrest; only that there was no triable issue over whether the officers had probable cause to arrest Jaramillo. |
| | (4) Preclude plaintiff from presenting evidence over whether a reasonable person would have known Office Von Glahn was an actual police officer. | **GRANTED with reservation.**  *See* Dkt. No. 80 at 17 ("Von Glahn's actions of identifying herself as an officer, flashing her badge, and discussing traffic violations would lead a reasonable person to conclude that she indeed was a police officer.").  The Court applied an objective standard in its analysis of Jaramillo's false arrest claim.  But the Court's ruling does not prevent Jaramillo from presenting evidence as to his own subjective thoughts over Von Glahn's identity. |
| | (5) Exclude evidence that the City has a policy, custom or practice which caused the alleged injuries | **GRANTED.**  The Court granted the City's motion for summary judgment on Jaramillo's *Monell* claim. |
| | (6) Exclude evidence that the City failed to properly discipline its officers | **GRANTED.**  The Court granted the City's motion for summary judgment on Jaramillo's *Monell* claim. |
| | (7) Exclude evidence that the City ratified the improper conduct of its officers | **GRANTED.**  The Court granted the City's motion for summary judgment on Jaramillo's *Monell* claim. |
| | (8) Exclude evidence that the City failed to adequately train and/or supervise its officers | **GRANTED.**  The Court granted the City's motion for summary judgment on Jaramillo's *Monell* claim. |
| | (9) Exclude evidence that the officers and/or the City breached a duty of care under state law | **GRANTED as to the City and DENIED as to the officers.**  The Court granted defendants' motion for summary judgment on Jaramillo's breach of duty claim against the City, but denied defendants' motion as to Jaramillo's negligence claim against the officers. |

13-cv-00441-NC
MOTIONS IN LIMINE

5

| (10) Exclude evidence that the officers' conduct both before and after Jaramillo's arrest was motivated in any way by Jaramillo's race/national origin. | **DENIED.** The Court granted defendants' summary judgment motion as to Jaramillo's claim under § 51.7. Dkt. No. 80 at 27 (finding Jaramillo failed to present evidence, aside from his subjective belief, that officers were "motivated by prejudice" because of Jaramillo's race or national origin). But the Court's ruling does not preclude Jaramillo from introducing evidence of racial animus that could go towards supporting his other claims. |

**IT IS SO ORDERED.**

Dated: January 26, 2015          _____
                                 NATHANAEL M. COUSINS
                                 United States Magistrate Judge