UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO AGUILAR JARAMILLO,<br><br>          Plaintiff,<br><br>     v.<br><br>MICHAEL LEISHMAN, ANTONIO MONTOJO, AND THE CITY OF SAN MATEO,<br><br>          Defendants. | Case No. 13-cv-00441-NC<br><br>**FINAL JURY INSTRUCTIONS** |

## I.   INTRODUCTION

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the

Case No.: 13-cv-00441-NC

evidence before you. You will recall that you took an oath to do so. In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## II. SUMMARY OF THE CLAIMS AND DEFENSES IN THIS CASE

The following is a brief review of the case:

This is a civil case of alleged excessive use of force by San Mateo Police Department officers. It stems from an incident that occurred on the evening of March 13, 2012, in the City of San Mateo. Plaintiff Jose Antonio Aguilar Jaramillo was arrested that night. Jaramillo contends that the arresting officers, Michael Leishman and Antonio Montojo, used excessive and unreasonable force against him. Leishman and Montojo deny the claim, and instead contend that the force they used was reasonable under the circumstances.

## III. BURDEN OF PROOF

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## IV. EVIDENCE

### A. Evidence You May Consider

The evidence you are to consider in deciding what the facts are consists of: (1) the sworn testimony of any witness; (2) the exhibits received into evidence; and (3) any facts to which the lawyers have agreed.

#### 1. Evaluation of Witness Testimony

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it. In considering the testimony of any witness, you may take into

Case No.: 13-cv-00441-NC    2

account:

    (1) the opportunity and ability of the witness to see or hear or know the things testified to;

    (2) the witness's memory;

    (3) the witness's manner while testifying;

    (4) the witness's interest in the outcome of the case and any bias or prejudice;

    (5) whether other evidence contradicted the witness's testimony;

    (6) the reasonableness of the witness's testimony in light of all the evidence; and

    (7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

### 2. Use of Interpreters

Languages other than English were used during this trial. The evidence to be considered by you is only that provided through the official court interpreters. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

### 3. Expert Witnesses

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case. The expert witnesses who testified in this case are Dr. Henry J. Domeniconi and Dr. Robert D. Argand.

//

**4. Stipulated Facts**

The parties have agreed to certain facts that have been provided to you. You should therefore treat these facts as having been proved.

### B. Things You May Not Consider

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### C. Types of Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet,

you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

### D.     Evidence in Electronic Format

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer will be available to you in the jury room.

A court technician will show you how to operate the computer and how to locate and view the exhibits on the computer. You will also be provided with a paper list of all exhibits received in evidence. If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database,

1  directory, game, or other material.  Do not attempt to alter the computer to obtain access to
2  such materials.  If you discover that the computer provides or allows access to such
3  materials, you must inform me immediately and refrain from viewing such materials.  Do
4  not remove the computer or any electronic data from the jury room, and do not copy any
5  such data.

6  **V.    JARAMILLO'S SECTION 1983 CLAIM (FEDERAL CLAIM)**

7  Plaintiff Jaramillo brings his claims under the federal statute, 42 U.S.C. § 1983,
8  which provides that any person or persons who, under color of law, deprives another of
9  any rights, privileges, or immunities secured by the Constitution or laws of the United
10 States shall be liable to the injured party.

11  **A.    Elements and Burden of Proof**

12  In order to prevail on his section 1983 claim against Leishman and Montojo,
13 Jaramillo must prove each of the following elements by a preponderance of the evidence:
14      1. the defendant acted under color of law; and
15      2. the acts of the defendant deprived the plaintiff of his particular rights under the
16         United States Constitution as explained in later instructions.

17  A person acts "under color of law" when the person acts or purports to act in the
18 performance of official duties under any state, county, or municipal law, ordinance, or
19 regulation.  The parties have stipulated that defendants Leishman and Montojo were acting
20 under color of law at the time of this incident.

21  If you find Jaramillo has proved each of these elements, and if you find that Jaramillo
22 has proved all the elements he is required to prove under the other section 1983
23 instructions, your verdict should be for Jaramillo.  If, on the other hand, Jaramillo has
24 failed to prove any one or more of these elements, your verdict should be for the defendant
25 officers Leishman and Montojo.

26  **B.    Causation**

27  In order to establish that the acts or failures to act of Leishman and Montojo deprived
28 Jaramillo of his particular rights under the United States Constitution as explained in later

Case No.: 13-cv-00441-NC                    6

instructions, Jaramillo must prove by a preponderance of the evidence that the officers' conduct was so closely related to the deprivation of Jaramillo's rights as to be the moving force that caused the ultimate injury.

### C. Particular Rights – Fourth Amendment – Excessive Force

In general, a seizure of a person is unreasonable under the Fourth Amendment if a law enforcement officer uses excessive force in making a lawful arrest or defending himself. Thus, in order to prove an unreasonable seizure in this case, Jaramillo must prove by a preponderance of the evidence that Leishman or Montojo used excessive force on Jaramillo.

Under the Fourth Amendment, a law enforcement officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether Leishman and Montojo used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

1. The severity of the crime or the circumstances to which Leishman and Montojo were responding;
2. Whether Jaramillo posed an immediate threat to the safety of Leishman, Montojo, or to others;
3. Whether Jaramillo was actively resisting arrest or attempting to evade arrest by flight;
4. The amount of time and any changing circumstances during which Leishman or Montojo had to determine the type and amount of force that appeared to be necessary;
5. The type and amount of force used;
6. The availability of alternative methods to subdue Jaramillo.

### D. Excessive Force

Use of reasonable and legitimate force can result in an injury, even a serious injury.

Case No.: 13-cv-00441-NC          7

However, an officer is only liable if he or she uses excessive force. If an officer uses reasonable force, the officer cannot be liable under any circumstance, even if a serious injury results.

## VI. JARAMILLO'S STATE LAW CLAIMS

### A. Bane Act (California Civil Code § 52.1)

#### 1. Elements

Jaramillo claims that Leishman or Montojo intentionally interfered with his civil rights by threats, intimidation or coercion. To establish this claim, Jaramillo must prove all of the following by a preponderance of the evidence:

1. (a) That Leishman or Montojo acted towards Jaramillo in a manner that a reasonable person would have found threatening, intimidating, or coercive, which interfered with Jaramillo's rights under the United States or California constitutions to be free from excessive force;

    or

    (b) That Leishman or Montojo acted violently against Jaramillo, which interfered with Jaramillo's rights under the United States or California constitutions to be free from excessive force;

    or

    (c) That Leishman or Montojo acted violently against Jaramillo to prevent Jaramillo from exercising his rights under the United States or California constitutions to be free from excessive force, or to retaliate against him for exercising these rights.

2. That Jaramillo was harmed; and

3. That Leishman's or Montojo's conduct was a substantial factor in causing Jaramillo's harm.

#### 2. Substantial Factor – Defined

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor.

Case No.: 13-cv-00441-NC                8

It does not have to be the only cause of the harm.

**B.     Battery by a Peace Officer**

   **1.     Elements**

Jaramillo claims that Leishman or Montojo harmed him by using unreasonable force to arrest him.  To establish this claim, Jaramillo must prove all of the following by a preponderance of the evidence:

   1.     That Leishman or Montojo intentionally touched Jaramillo;

   2.     That Leishman or Montojo used unreasonable force to arrest Jaramillo;

   3.     That Jaramillo did not consent to the use of that force;

   4.     That Jaramillo was harmed; and

   5.     That Leishman's or Montojo's use of unreasonable force was a substantial factor in causing Jaramillo's harm.

A police officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime.  Even if the police officer is mistaken, a person being arrested or detained has a duty not to use force to resist the police officer unless the police officer is using unreasonable force.

In deciding whether Leishman or Montojo used unreasonable force, you must determine the amount of force that would have appeared reasonable to a police officer in Leishman's or Montojo's position under the same or similar circumstances.  You should consider, among other factors, the following:

   1.     The seriousness of the crime at issue;

   2.     Whether Jaramillo reasonably appeared to pose an immediate threat to the safety of Leishman, Montojo, or others; and

   3.     Whether Jaramillo was actively resisting arrest or attempting to evade arrest.
A police officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.

Case No.: 13-cv-00441-NC                           9

### 2. Intent – Defined

Leishman or Montojo acted intentionally if they intended to cause harmful or offensive contact with Jaramillo, or if they were substantially certain that harmful or offensive contact would result from their conduct.

## C. Negligence

### 1. Elements

Jaramillo claims that he was harmed by Leishman's or Montojo's negligence. To establish this claim, Jaramillo must prove all of the following by a preponderance of the evidence:

1. That Leishman or Montojo was negligent;
2. That Jaramillo was harmed; and
3. That Leishman's or Montojo's negligence was a substantial factor in causing Jaramillo's harm.

### 2. Basic Standard of Care – Defined

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Leishman's, Montojo's, and Jaramillo's situation.

### 3. Comparative Fault of Plaintiff

Leishman and Montojo claim that Jaramillo's own negligence contributed to his harm. To succeed on this defense, Leishman and Montojo must prove both of the following by a preponderance of the evidence:

1. That Jaramillo was negligent; and
2. That Jaramillo's negligence was a substantial factor in causing his harm.

If Leishman and Montojo prove the above, Jaramillo's damages for negligence are

reduced by your determination of the percentage of Jaramillo's responsibility. I will calculate the actual reduction.

### 4. Causing Harm: Substantial Factor – Defined

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

## D. Intentional Infliction of Emotional Distress

### 1. Elements

Jaramillo claims that the conduct of Leishman or Montojo caused him to suffer severe emotional distress. To establish this claim, Jaramillo must prove all of the following by a preponderance of the evidence:

1. That Leishman's or Montojo's conduct was outrageous;
2. That Leishman or Montojo intended to cause Jaramillo's emotional distress; or

   That Leishman or Montojo acted with reckless disregard of the probability that Jaramillo would suffer emotional distress, knowing that Jaramillo was present when the conduct occurred;
3. That Jaramillo suffered severe emotional distress; and
4. That Leishman's or Montojo's conduct was a substantial factor in causing Jaramillo's severe emotional distress.

### 2. Outrageous Conduct – Defined

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether Leishman's or Montojo's conduct was outrageous, you may consider, among other factors, the following:

(a) Whether Leishman or Montojo abused a position of authority or a relationship that gave them real or apparent power to affect Jaramillo's interests;

(b) Whether Leishman or Montojo knew that Jaramillo was particularly vulnerable to emotional distress; and

(c) Whether Leishman or Montojo knew that their conduct would likely result in harm due to mental distress.

### 3. Reckless Disregard – Defined

Leishman or Montojo acted with reckless disregard in causing Jaramillo's emotional distress if:

1. Leishman or Montojo knew that emotional distress would probably result from their conduct; or

2. Leishman or Montojo gave little or no thought to the probable effects of their conduct.

### 4. Severe Emotional Distress – Defined

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it. Jaramillo is not required to prove physical injury to recover damages for severe emotional distress.

## VII. DAMAGES

### A. Multiple Legal Theories

Jaramillo seeks damages from Leishman and Montojo under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged. You will be asked to decide whether defendants are liable to Jaramillo under the following legal theories:

1. Violation of the Fourth Amendment—Excessive Force

2. Interference with Jaramillo's Civil Rights (Bane Act)

Case No.: 13-cv-00441-NC            12

 3. Battery
 4. Negligence
 5. Intentional Infliction of Emotional Distress

Past, noneconomic loss, including physical pain and mental suffering, are recoverable only once under all of the above legal theories.

**B.  Proof and Measure of Damages**

It is the duty of the court to instruct you about the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for Jaramillo on one or more substantive claims against one or both defendants, you must determine Jaramillo's damages. Jaramillo has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Jaramillo for any injury you find was caused by defendants. In determining the measure of damages, you should consider the following:

 1. The nature and extent of the injuries;
 2. The disability, disfigurement, and loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;
 3. The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;
 4. The reasonable value of necessary medical care, treatment, and services received to the present time;
 5. The reasonable value of wages, earnings, earning capacity, business opportunities, and employment opportunities lost to the present time;
 6. The reasonable value of wages, earnings, earning capacity, business opportunities, and employment opportunities and which with reasonable probability will be lost in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or

conjecture.

### C.   Punitive Damages

If you find one or both defendants liable, you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

Here, Jaramillo has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.  You may award punitive damages only if you find that Leishman's or Montojo's conduct that harmed Jaramillo was malicious, oppressive or in reckless disregard of Jaramillo's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring Jaramillo.  Conduct is in reckless disregard of Jaramillo's rights if, under the circumstances, it reflects complete indifference to Jaramillo's safety or rights, or if Leishman or Montojo acts in the face of a perceived risk that their actions will violate Jaramillo's rights under federal law.  An act or omission is oppressive if Leishman or Montojo injures or damages or otherwise violates Jaramillo's rights with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of Jaramillo.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of Leishman's or Montojo's conduct.  In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on Jaramillo.

## VIII.   CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow

1  jurors during your deliberations:

2  Do not communicate with anyone in any way and do not let anyone else
3  communicate with you in any way about the merits of the case or anything to do with it.
4  This includes discussing the case in person, in writing, by phone or electronic means, via
5  email, text messaging, or any Internet chat room, blog, website or other feature.  This
6  applies to communicating with your family members, your employer, the media or press,
7  and the people involved in the trial.  If you are asked or approached in any way about your
8  jury service or anything about this case, you must respond that you have been ordered not
9  to discuss the matter and to report the contact to the court.

10  Do not read, watch, or listen to any news or media accounts or commentary about the
11  case or anything to do with it; do not do any research, such as consulting dictionaries,
12  searching the Internet or using other reference materials; and do not make any
13  investigation or in any other way try to learn about the case on your own.

14  The law requires these restrictions to ensure the parties have a fair trial based on the
15  same evidence that each party has had an opportunity to address.  A juror who violates
16  these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result
17  that would require the entire trial process to start over.  If any juror is exposed to any
18  outside information, please notify the court immediately.

19  **IX.   THE JURY'S DUTY TO DELIBERATE**

20  When you begin your deliberations, you should elect one member of the jury as your
21  presiding juror.  That person will preside over the deliberations and speak for you here in
22  court.

23  You will then discuss the case with your fellow jurors to reach agreement if you can
24  do so.  Your verdict must be unanimous.

25  Each of you must decide the case for yourself, but you should do so only after you
26  have considered all of the evidence, discussed it fully with the other jurors, and listened to
27  the views of your fellow jurors.

28  Do not hesitate to change your opinion if the discussion persuades you that you

United States District Court
Northern District of California

should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and will advise the Court that you are ready to return to the courtroom.

**IT IS SO ORDERED.**

Dated:  February 5, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No.: 13-cv-00441-NC             16